46 F.3d 1126
 148 L.R.R.M. (BNA) 2832, 130 Lab.Cas. P 11,366
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SALARIED EMPLOYEES ASSOCIATION of the BALTIMORE DIVISION,
Federation of Independent Salaried Unions, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Westinghouse Electric Corporation, Intervenor.
 No. 93-2584.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 6, 1994.
Decided: Jan. 19, 1995.
 
 Patrick J. Thomassey, Monroeville, PA, for Petitioner. Frederick L. Feinstein, General Counsel, Linda Sher, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Frederick C. Havard, Supervisory Attorney, Marilyn O'Rourke, NATIONAL LABOR RELATIONS BOARD, Washington, DC, for Respondent. Michael A. Taylor, Jonathan R. Mook, Celeste M. Wasielewski, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Washington, DC; Barnett Q. Brooks, WESTINGHOUSE ELECTRIC CORPORATION, Baltimore, MD, for Intervenor.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Salaried Employees Association of the Baltimore Division, Federation of Westinghouse Independent Salaried Unions ("the Union") filed this petition for review of an order of the National Labor Relations Board ("the Board"). Because we find that substantial evidence supports the Board's decision, we deny the petition for review and grant enforcement of the Board's order.[1]
 
 
 2
 Westinghouse Electric Corporation ("the Company") has a facility in Baltimore, Maryland, where it manufactures defense and radar systems, primarily for the United States government. The Union has represented employees at that facility since at least 1950, when the first collective bargaining agreement between the parties became effective.
 
 
 3
 This dispute arose over the Company's 1991 decision to lay off certain employees and the procedures followed by the Company in doing so. Although the employees who were laid off possessed more seniority than certain retained employees, the Company refused to allow them to "bump" into lower level positions that required a special security clearance which the senior employees did not possess.
 
 
 4
 The Union contends that in refusing to allow the more senior employees to bump the junior employees, the Company committed an unfair labor practice in violation of Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(5) (1988).
 
 
 5
 After the Company's denial of the Union's grievances and request to arbitrate the matter, the Union filed this action in federal district court. Following a hearing on the complaint, the administrative law judge ("ALJ") found that the Company did not violate Sections 8(a)(5) and (1) of the Act: (1) by failing to permit senior employees to exercise contractual bumping rights against junior employees in jobs requiring special access clearance; and (2) by failing to bargain about a decision to lay off unit employees and to transfer their work. The Union appealed to the Board. The Board affirmed the ALJ's decision on the first issue. Westinghouse Elec. Corp., 313 N.L.R.B. No. 60 (1993). On the second issue, the Board found that the Company had engaged in unfair labor practices. The Union then petitioned this Court for review.[2]
 
 
 6
 A brief description of the Company's operations is helpful. Many jobs in the Company's bargaining units require some kind of security clearance. The contracting government agency for a given project decides which types of clearance are necessary and conducts the investigation of those employees nominated for clearance. The most highly classified clearance category is a Special Access Clearance ("SAC"). Unlike other types of clearance, employees are not given SAC in advance of their need for it. Clearance may take more than a year to complete. However, there is ordinarily sufficient lead time between the time a contract is awarded and commencement of work on the project to allow the clearance process to be completed. Finally, SAC classification is job-specific, so that an employee who holds SAC status for a particular job cannot transfer to another job requiring SAC without a new investigation and clearance.
 
 
 7
 The local supplement to the national collective bargaining agreement establishes the procedure for a layoff of unit employees. Essen tially, the agreement provides that an employee whose job is scheduled for elimination may bump a less senior employee within the same job progression or in a different job progression (if the laid off employee has previously held that position). Finally, if the laid off employee has the necessary "occupational experience, education, and suitability" for the job, the employee may bump into the common seniority unit.
 
 
 8
 In December 1991, the Company laid off approximately 1200 employees, of which 150 were represented by the Union. In October 1992, the Company announced additional layoffs to be effective December 1992. During these layoffs, the Company refused to allow senior employees who did not possess SAC classification to bump junior employees who did possess the required SAC classification, arguing that the SAC classification was a job qualification.
 
 
 9
 Beginning with a 1985 layoff, the Union and Company have disagreed about how the bumping procedure should work when SAC classifications are involved. The Union asserts that seniority is absolute; the Company maintains that where having SAC is required for a particular job, an employee without such clearance cannot bump into that job. Although the Union has tried numerous times to make seniority by-pass the subject of arbitration under the contract, the Company has not agreed to such a provision. New collective bargaining agreements were negotiated in 1988 and 1991 without the parties having changed their respective positions on the issue.
 
 
 10
 Thus, this appeal presents the issue whether the Company's implementation of its layoff procedure amounts to a unilateral mid-term modification of the contract in violation of Section 8(a)(5). Determining whether an employer has made such unlawful unilateral changes often requires the Board to interpret the terms of a contract between an employer and union. NLRB v. C & C Plywood Corp., 385 U.S. 421, 429 (1967). The Board's findings of fact are conclusive if supported by substantial evidence on the record considered as a whole. 29 U.S.C. Sec. 160(e) (1988); Universal Camera Corp. v. NLRB, 340 U.S. 474, 493 (1951); NLRB v. Nueva Eng'g, Inc., 761 F.2d 961, 965 (4th Cir.1985).
 
 
 11
 The Board agreed with the ALJ that the Company acted pursuant to its longstanding interpretation of the contractual provisions in excepting employees with SAC clearance from seniority-based bumping procedures. However, the Board also found that the Union's position (seniority controls absolutely) was based on a contrary plausible interpretation of those provisions.
 
 
 12
 Where the dispute is solely one of contract interpretation, and there is no evidence of animus, bad faith, or an intent to undermine the Union, the Board properly declined to determine which of two equally plausible contract interpretations is correct. Atwood & Morrill Co., 289 N.L.R.B. 794, 795 (1988); NCR Corp., 271 N.L.R.B. 1212, 1213 (1984). In such cases, the appropriate action for the Board is to dismiss a complaint allegation of unlawful unilateral change. Atwood, 289 N.L.R.B. at 795.
 
 
 13
 Here, the fact that the Union and Company have disagreed about the SAC bumping procedure for almost a decade, and have been unable to resolve the issue during contract negotiations, supports the Board's finding that this issue rests entirely upon two plausible interpretations of the parties' contract. Thus, we find that substantial evidence supports the Board's order. Accordingly, we deny the petition for review and grant enforcement of the order.
 
 
 14
 PETITION DENIED.
 
 
 
 [1]
 This Court granted Petitioner's unopposed motion to submit the case on briefs without the aid of oral argument
 
 
 [2]
 The Company has not appealed the Board's adverse finding on the transfer-of-work issue. Thus, that finding is not presently before us for review